UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BROOKSGREENBLATT, L.L.C.

VERSUS

C. MARTIN COMPANY, INC.

CIVIL ACTION

NUMBER 08-454-RET-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within fourteen days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 5, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BROOKSGREENBLATT, L.L.C.

VERSUS

C. MARTIN COMPANY, INC.

CIVIL ACTION

NUMBER 08-454-RET-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is Plaintiff Brooksgreenblatt, L.L.C.'s Motion for Partial Summary Judgment. Record document number 71. Also before the court is Plaintiff's Partial Summary Judgment on Affirmative Defenses. Record document number 72. These motions are opposed.[1]

Plaintiff Brooksgreenblatt, L.L.C. entered into a Factoring and Security Agreement with Superior Logistics, L.L.C. in which the plaintiff would purchase accounts receivable from Superior. Superior subsequently entered into a subcontract agreement (Subcontract) with defendant C. Martin Company, Inc. to provide services related to tearing down FEMA trailer sites and transporting the trailers to designated locations. Superior then subcontracted much of the work out to other entities. After the work was performed Superior would submit invoices to the defendant for payment.

Superior assigned many of the accounts represented by these

---

[1] Record document number 78.

invoices to the plaintiff.  Plaintiff notified the defendant in writing that certain invoices from Superior had been assigned to the plaintiff and instructed the defendant to deliver payments on these invoices to a specific post office box address.  Plaintiff alleged that the defendant delivered payments on some of the invoices to this address.  Plaintiff also asserted that the defendant sent it an anticipated schedule of payments to be made on the remaining purchased invoices, however the defendant failed to make such payments.

Plaintiff filed this action to recover the monies owed by the defendant on the purchased invoices.  After this action was filed, the defendant delivered a check payable to Superior to Superior's office in the amount of $290,900.00.  Rather than delivering this payment to the plaintiff, Superior deposited it into its own account and paid other obligations.

Plaintiff sought a partial summary judgment to recover the defendant's final payment of $290,900.00.  Plaintiff argued that it had a perfected security interest in the assigned invoices. Plaintiff asserted that the defendant had actual knowledge of its rights in these invoices, received demands for payment from the plaintiff, and had previously made some payments to the plaintiff. Plaintiff argued that under LSA-R.S.10:9-406(a),[2] the defendant's

---

[2] LSA-R.S.10:9-406(a) provides: "[A]n account debtor on an account, chattel paper, or a payment intangible may discharge its
(continued...)

2

$290,900.00 payment to Superior did not discharge the defendant's obligation to pay the plaintiff.

Plaintiff also filed a partial summary judgment motion requesting dismissal of the defendant's affirmative defenses. These affirmative defenses are:

1. plaintiff's failure to state a claim upon which relief can be granted against the defendant;

2. failure to join parties required under Rule 19;

3. no breach of contract;

4. no damages sustained;

5. damages sustained by plaintiff were not caused by any action, omission, or fault of the defendant or on the part of any person or entity for which the defendant is responsible;

6. damages suffered by the plaintiff were caused by persons and/or entities other than the defendant over which the defendant had no control or responsibility;

7. recovery in the action is barred or reduced by the plaintiff's own negligence or fault;

8. failure to mitigate damages;

9. Superior had no right to, and was prohibited from, assigning, selling, or factoring to pay, any accounts owed to it by the defendant;

10. notice of assignment of accounts receivable allegedly

---

[2](...continued)
obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor."

>   sent by the plaintiff to the defendant was defective, improper, and otherwise ineffective because it was not properly authenticated and did not properly identify the accounts being assigned;
>
> 11. plaintiff is estopped from asserting and/or has waived the claims at issue;
>
> 12. failure to exercise due diligence and/or otherwise at fault for failing to recover sums from Superior allegedly owed to the plaintiff;
>
> 13. failure to properly and/or fully perform its obligations;
>
> 14. defendant's error, mistake, and/or extinguishment;
>
> 15. assumption of the risk;
>
> 16. all amounts owed on any contract with Superior had been paid in full; and,
>
> 17. defendant did not owe any sums on certain invoices alleged by the plaintiff, and the amounts claimed by the plaintiff were subject to certain credits, including but not limited to deactivations, payments, returns, erroneous invoices, back charges, and/or other credits.[3]

In response to both of the plaintiff's motions, the defendant asserted that equitable estoppel is applicable and bars the plaintiff from recovering damages against the defendant for its losses resulting from Superior's intentional diversion of funds. Defendant asserted that it was contractually obligated to make payments to Superior for its services rendered and deliver such payments to the address it provided, which was the same post office box address designated by the plaintiff. Defendant argued it delivered certain checks to addresses other than the post office

---

[3] Record document number 9, Answer.

4

box address at the request of Superior.  Defendant argued that this was done with the knowledge, consent, and/or acquiescence of the plaintiff.  Defendant asserted that it did not receive any notice from the plaintiff objecting to the alternative delivery of the checks.  Defendant argued that it relied on the plaintiff's conduct and assumed that delivery of the final check to any address designated by Superior was acceptable to the plaintiff and that Superior would fulfill any responsibilities or obligation it owed to the plaintiff in connection with such payment.

## Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law.  Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor.  *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the

evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In diversity cases, federal courts are required to apply the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). In Louisiana, the doctrine of equitable estoppel is equated with the doctrine of detrimental reliance. *LaBarge Pipe & Steel Co. v. First Bank*, 550 F.3d 442, 464 (5th Cir. 2008). Detrimental reliance is codified under La. Civ.Code Ann. art. 1967, which states that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." The doctrine of detrimental reliance/equitable estoppel "prevents a party from taking a position contrary to his prior acts, admissions, representations, or silence." *19th Judicial Dist. Court Bldg. Com'n v. Level 3 Communications, L.L.C.*, 659 F.Supp.2d 766, 773 (M.D.La. Sept. 11, 2009), *citing*, *Garber v. Badon &*

6

*Ranier*, 2007-1497 (La.App. 3 Cir. 2008); 981 So.2d 92, 105.  It is not favored by the law and all claims must be examined carefully and strictly. *Id*.  To establish an equitable estoppel claim, a party must prove three elements: (1) a representation by conduct or word; (2) justifiable reliance thereon; and (3) a change in position to one's detriment because of the reliance. *Johnson v. Seacor Marine Corp.*, 404 F.3d 871, 878 (5th Cir. 2005).

## Analysis

A review of the evidence and the parties arguments shows that an issue of material fact exists as to whether equitable estoppel bars the plaintiff's recovery against the defendant.

On August 22, 2007, the plaintiff initially notified the defendant via mail that it had been assigned the Superior accounts and that check payments were to be made payable and mailed to: Superior Logistics, c/o BrooksGreenblatt, LLC, P.O. Box 2671, Baton Rouge, LA 70821-2671.[4]  All of the checks that were submitted as evidence were made payable solely to Superior and did not include any reference to BrooksGreenblatt.[5]  On or about February 8, 2008, the defendant delivered a payment check for an assigned account to Superior's office in the amount of $177,510.00.[6]  This check was

---

[4] Record document number 71-2, exhibit 1(c).

[5] *Id.*, exhibit 1(h).

[6] Record document number 78, exhibit B, Deposition of Deborah
(continued...)

7

subsequently delivery to the plaintiff.  The record also shows that on or about April 18, 2008, the defendant hand delivered a check for $38,300.00 to a representative for the plaintiff at the defendant's office.[7]  Plaintiff did not dispute that it received both of these payments.

Nothing in the record indicates that the plaintiff specifically objected to the defendant's deviations from the protocol for check payments originally requested in the August 22 letter.  Although the plaintiff later sent a letter on April 23, 2008 re-stating its assignment to Superior's accounts, the purpose of that letter was to notify the defendant that the Superior accounts must be paid in full, without deduction or offset for any amounts that Superior may owe.[8]  The letter did not address the defendant's failure to conform to the requested delivery method.

Plaintiff's apparent acquiescence in the alternate delivery method for two of the payment checks could lead a reasonable to juror to find that the defendant justifiably relied on the plaintiff's actions when deciding to deliver the final check to Superior's office.  Viewing the summary judgment evidence in a light most favorable to the nonmoving party reveals a genuine issue

---

[6](...continued)
Laine, p. 80.

[7] *Id.* at 81-82.

[8] Record document number 71-2, exhibit 1(e).

8

of fact for trial regarding the defendant's $290,900.00 payment.

In the Plaintiff's Partial Summary Judgment on Affirmative Defenses the plaintiff sought dismissal of the defendant's affirmative defenses.  Defendant only provided evidence and arguments in support of its defense of equitable estoppel. Defendant did not dispute the plaintiff's arguments as to any other affirmative defense.  Defendant's lack of a substantive response indicates that it has waived these affirmative defenses and thus dismissal is warranted.

### Recommendation

It is the recommendation of the magistrate judge that the Plaintiff Brooksgreenblatt, L.L.C.'s Motion for Partial Summary Judgment be denied.  It is further recommended that the Plaintiff's Partial Summary Judgment on Affirmative Defenses be granted in part and denied in part.  With the exception of its affirmative defense of equitable estoppel, the defendant's affirmative defenses should be dismissed.

Baton Rouge, Louisiana, May 5, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE