UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BROOKSGREENBLATT, L.L.C.

VERSUS

C. MARTIN COMPANY, INC.

CIVIL ACTION

NO. 08-454-BAJ-SCR

**RULING**

This matter is before the Court on a motion by third party defendant, John Lee Harden, Jr. ("Harden"), for summary judgment (doc. 129) and on a motion by third party plaintiff, C. Martin Company, Inc. ("C. Martin"), for a new trial, rehearing, or reconsideration (doc. 126). Jurisdiction is grounded in 28 U.S.C. § 1332.

On March 16, 2012, this Court granted in part, a motion by C. Martin for summary judgment and for default judgment. In doing so, the Court noted that the undisputed facts established that Superior Logistics, LLC ("Superior"), had breached a valid contractual obligation to forward a $290,000.00 payment to Fidelity;[1] that C. Martin was validly subrogated to Fidelity's rights with regard to Superior, Harden, Richard G. Poore ("Poore"), and Carlos Johnson ("Johnson"), under the Factoring Agreement; and that Harden was obligated in solido with Superior as a guarantor of

---

[1] The Court's statement in the previous ruling as to the amount of the check involved in the breach was based on the undisputed facts submitted by C. Martin in support of the motion. The undisputed facts submitted (doc. 116, pp. 4-10), however, are inconsistent insofar as C. Martin describes the check at issue as a "check in the sum of $290,000.00" when setting forth the actual breach (*id.* at ¶ 10), but as a "check in the sum of $290,900, elsewhere in the statement (*id.* at ¶¶ 7-9, 11-13). The amount stated in paragraphs 7-9 and 11-13 of the statement of undisputed facts, as well as the record in general (see, e.g. doc. 116, p. 13, 35, 60) demonstrates that C. Martin's inconsistent description in Paragraph 10 of the statement of undisputed facts is an isolated typographical error, and it is treated as such in this ruling. *See also*, Memorandum in Support of Motion for Summary Judgment, filed by John Lee Harden, wherein Harden acknowledges that "Martin sent payment of $290,900.00 to Superior instead of BrooksGreenblatt" (doc. 129-1, p. 3).

the obligations imposed on Superior by the agreement. The Court also found that the undisputed evidence established a prima facie case of liability on the part of Poore and Johnson as guarantors of the obligations imposed on Superior by the Factoring Agreement. Thus, the Court granted the motions insofar as C. Martin sought to establish the liability of Superior, Harden, Poore, and Johnson. (Doc. 12).

Having concluded that C. Martin was validly subrogated to the rights granted to Fidelity under the Factoring Agreement, the Court then looked to the Factoring Agreement and to the evidence to determine whether C. Martin had satisfied it's burden to establish quantum under the terms of the contract. In doing so, the Court noted that "the question before the Court is not necessarily what C. Martin paid for subrogation, but is, instead, whether the amount sought by C. Martin is less than or equal to the amount due C. Martin in light of the breach and the specific rights Fidelity assigned to C. Martin through the act of subrogation" (doc. 124, p. 12).

The Court also stated:

> As is noted *supra,* the plain language of the Factoring Agreement provides that, should Superior fail to properly deliver or remit a payment to Fidelity, Superior "agrees to pay a penalty of fifteen (15.00%) of the amount of such payment" and to repurchase the receivable. The agreement further provides that the repurchase price "shall be the Advance Amount of the Invoice plus the Discount plus the Floating Discount minus any Amount Collected with respect to the particular Receivable being repurchased." The Court also notes that Superior was obligated under the agreement to maintain a reserve with Fidelity and the agreement specifically provides that, upon the occurrence of "any event requiring Vendor to repurchase any one or more of the Receivables sold by Vendor to Factor hereunder, Factor

2

>     shall charge the Reserve to satisfy Vendor's Repurchase
>     Obligation" (doc. 116, pp. 37, 38, ¶¶ 1(g), 2(b)).

(Doc. 124, p. 12).

Because no evidence was set forth to establish whether the fifteen percent penalty had been paid or was outstanding in whole or in part, or what the repurchase price was, or whether that repurchase price was satisfied in whole or in part from the reserve which Superior was obligated to maintain with Fidelity, the Court concluded that genuine issues of fact precluded summary judgment as to quantum. For the same reasons, the Court concluded that C. Martin had failed to carry its burden to establish quantum for purposes of the motion for default judgment.

At a pretrial conference on March 21, 2012, a bench trial was scheduled for June 27, 2012, and the parties were informed that the Court would allow them one more opportunity to file motions to resolve the remaining issues. (doc. 125). The instant motions were filed on April 5, 2012.

**1.    Motion by John Lee Harden, Jr., for Summary Judgment**

John Lee Harden, Jr., proceeding pro se, admits breaching the contract by failing to forward the C. Martin payment to Fidelity (doc. 116, p. 71), but he argues that he did so because C. Martin had breached other obligations and because C. Martin "knew that Harden would choose to pay the subcontractors . . . (doc . 129-1, p. 4). Thus, he presents the same argument that was addressed and rejected in the Court's previous ruling, and for all the reasons provided therein, Harden's motion for summary judgment shall be denied.

3

**2. Motion by C. Martin Company, Inc., for Reconsideration**

In the Ruling of March 16, 2012, the Court denied C. Martin's motion for summary judgment as to quantum upon concluding that C. Martin had incorrectly defined its damages simply as the amount that it had paid to settle the claim asserted against it by Fidelity and to be subrogated to Fidelity's rights under the Factoring Agreement, and had thus failed to set forth evidence to properly establish the damages to which it is entitled under the Factoring Agreement.

C. Martin, however, argues that the Court's denial of summary judgment as to quantum is "manifest error which is prejudicial to C. Martin" (doc. 126, p. 2). In support of that position, C. Martin asserts that its damages are based on the amount paid for subrogation, but are based on: (1) the amount of damages sustained by Fidelity when Superior failed to forward the C. Martin payment of $290,900.00, plus (2) "court costs of $2,527.80 incurred by Fidelity in this litigation" (doc. 126, p. 7).

**A. Damages**

As counsel for C. Martin notes, the plain language of the Factoring Agreement provides that the Factor "*may* require" a vendor to repurchase a receivable in the event of a breach (doc. 126, quoting doc. 116, p. 38) (emphasis added), and, therefore, the contract does not provide that the repurchase clause is the exclusive remedy available upon a breach. Moreover, pursuant to the Louisiana Civil Code, "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived." La.Civ.Code art. 1995. It is undisputed that Superior breached the

4

Factoring Agreement by failing to remit to Fidelity the C. Martin payment in the amount of $290,900.00, and that Superior used the funds, instead, to pay its own subcontractors (see doc 124, pp. 3-4, and *supra*, n. 1). Thus, the Court concludes that the undisputed facts establish that Fidelity incurred $290,900.00 in damages under Louisiana law as a result of Superior's breach of the Factoring Agreement.

The Court also notes that, despite having been presented with ample opportunity to do so, neither Superior nor John Lee Harden, Jr., has set forth any evidence from which a reasonable trier of fact could conclude that Superior or any of its guarantors have reimbursed either Fidelity or C. Martin for any portion of the damages incurred.

Accordingly, the motion by C. Martin for reconsideration shall be granted and summary judgment shall issue in favor of C. Martin as to the claim for $290,900.00 in damages.

**B.    Costs**

C. Martin also seeks "court costs of $2,527.80 incurred by Fidelity in this lawsuit to recover that [$290,900.00] amount" (doc. 126, p. 7). C. Martin does not specifically state the ground upon which it claims the amount and the Court finds no provision in the Factoring Agreement which provides for the award.[2] Accordingly, the Court

---

[2] Paragraph 3(w) of the Factoring Agreement provides for attorney's fees incurred "[s]hould it become necessary for Factor to enforce Vendor's Repurchase Obligation through the use of an attorney," and provides for reasonable attorney's fees and expenses related to the sale of collateral (doc. 116, p. 140). In the present motion, however, C. Martin, seeks court costs rather than attorney's fees and it has clarified that it does not seek to enforce the Repurchase Obligation as provided by the Factoring Agreement.

construes the motion insofar as it seeks costs incurred by Fidelity as a motion asserted pursuant to Federal Rule of Civil Procedure 54(d) rather than as a claim asserted pursuant to a provision of the contract.

Rule 54 provides, in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party.
>
> * * *
>
> The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed.R.Civ.P. 54(d)(1).

The Court notes that C. Martin separately asserts a claim for "attorneys fees, expenses and costs of court" (doc. 126, p. 12). Thus, costs incurred by Fidelity in this litigation may be presented to the clerk in the normal course pursuant to Rule 54(d). Accordingly, the motion by C. Martin shall be denied insofar as C. Martin seeks summary judgment as to costs incurred by Fidelity in this litigation.

## CONCLUSION

For all of the foregoing reasons, the motion by third party defendant, John Lee Harden, Jr., for summary judgment (doc. 129) is **DENIED**, and the motion by third-party plaintiff, C. Martin Company, Inc., for reconsideration of the Ruling of March 16, 2012 (doc. 126) is **GRANTED** only insofar as C. Martin seeks summary judgment against third party defendants, Superior Logistics, L.L.C., and John Lee Harden, Jr., and default judgment against third party defendants, Richard G. Poore and Carlos Johnson, for damages in the amount of $290,900.00 and **DENIED** insofar as C. Martin seeks an award of $2,527.80 for costs incurred by Fidelity in this matter. The foregoing denial, however, is without prejudice to the right of C. Martin, as the prevailing party, to seek reasonable costs pursuant to Federal Rule of Civil Procedure 54(d).

Judgment shall issue accordingly.

Baton Rouge, Louisiana, May 4, 2012.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA